FILED

September 4, 2019

Clerk, U.S. District Court
District of Montana
Great Falls Division

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 07-139-GF-BMM-JTJ |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS** |
| vs. | |
| SETH AMOS NELSON, | |
| Defendant. | |

## I.  Synopsis

Defendant Seth Amos Nelson (Nelson) has been accused of violating the conditions of his supervised release.  Nelson admitted alleged violations 1, 2, 4, 11, 12, 13, 14 and 15.  The government satisfied its burden of proof with respect to alleged violations 3, 5, 6, 8, 9 and 10.  The Court dismissed alleged violation 7 on the government's motion.  Nelson's supervised release should be revoked.

Nelson should be placed in custody for 2 months, with 70 months of supervised release to follow.  Nelson should receive credit for time served.  Nelson should serve the first 60 days of supervised release at an inpatient chemical dependency treatment center designated by the United States Probation Office.  Special Condition 1 should be amended to require Nelson to participate in up to 365

urinalysis tests, 365 breath tests and 52 sweat patch tests annually during the period of supervision.

## II.  Status

Nelson pleaded guilty on February 12, 2008, to Conspiracy to Manufacture Methamphetamine, and being a Felon in Possession of a Firearm.  (Doc. 34).  The Court sentenced Nelson to 188 months of custody, followed by 6 years of supervised release.  (Doc. 66).  Nelson's current term of supervised release began on August 28, 2017.  (Doc. 118 at 1).

### Petition

The United States Probation Office filed an Amended Petition on September 3, 2019, requesting that the Court revoke Nelson's supervised release. (Doc. 124).  The Amended Petition alleged that Nelson had violated the conditions of his supervised release: 1) by failing to report for substance abuse testing; 2) by using methamphetamine and amphetamine; 3) by failing to notify his probation officer of a contact with law enforcement; 4) by failing to report for substance abuse treatment; and 5) by committing another crime.

### Initial appearance

Nelson appeared before the undersigned for his initial appearance on the Amended Petition on September 3, 2019.  Nelson was represented by counsel.

2

Nelson stated that he had read the petition and that he understood the allegations. Nelson waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on the Amended Petition on September 3, 2019. Nelson admitted that he had violated the conditions of his supervised release: 1) by failing to report for substance abuse testing; 2) by failing to notify his probation officer of a contact with law enforcement; and 3) by failing to report for substance abuse treatment. The government satisfied its burden of proof with respect to alleged violations 3, 5, 6, 8, 9 and 10. The Court dismissed alleged violation 7 on the government's motion. The violations that Nelson admitted and that the government proved are serious and warrant revocation of Nelson's supervised release.

Nelson's violations are Grade C violations. Nelson's criminal history category is IV. Nelson's underlying offenses are Class B and Class C felonies. Nelson could be incarcerated for up to 36 months. Nelson could be ordered to remain on supervised release for up to 72 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 6 to 12 months.

## III.  Analysis

Nelson's supervised release should be revoked.  Nelson should be incarcerated for 2 months, with 70 months of supervised release to follow.  Nelson should receive credit for time served.  Nelson should serve the first 60 days of supervised release at an inpatient chemical dependency treatment center designated by the United States Probation Office.  Special Condition 1 should be amended to require Nelson to participate in up to 365 urinalysis tests, 365 breath tests and 52 sweat patch tests annually during the period of supervision.  This sentence is sufficient but not greater than necessary.

## IV.  Conclusion

The Court informed Nelson that the above sentence would be recommended to Judge Morris.  The Court also informed Nelson of his right to object to these Findings and Recommendations within 14 days of their issuance.  The Court explained to Nelson that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The Court **FINDS:**

> That Seth Amos Nelson violated the conditions of his supervised release: by failing to report for substance abuse testing; by using methamphetamine and amphetamine; by failing to notify his probation officer of a contact with law enforcement; by committing another crime; and by failing to report for

4

substance abuse treatment.

The Court **RECOMMENDS:**

That the District Court revoke Nelson's supervised release
and commit Nelson to the custody of the United States Bureau of
Prisons for 2 months, with 70 months of supervised release to follow.
Nelson should receive credit for time served.  Nelson should serve the
first 60 days of supervised release at an inpatient chemical
dependency treatment center designated by the United States
Probation Office.  Special Condition 1 should be amended to require
Nelson to participate in up to 365 urinalysis tests, 365 breath tests and
52 sweat patch tests annually during the period of supervision.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and

Recommendations within 14 days of their entry, as indicated on the Notice of

Electronic Filing.  28 U.S.C. § 636(b)(1).  A United States district court judge will

make a de novo determination regarding any portion of the Findings and

Recommendations to which objection is made.  The district court judge may

accept, reject, or modify, in whole or in part, the Findings and Recommendations.

Failure to timely file written objections may bar a de novo determination by the

district court judge, and may waive the right to appear and allocute before a

district court judge.

DATED this 4th day of September, 2019.

John Johnston
United States Magistrate Judge