

FILED
JUL 01 2020
Clerk, U.S District Court
District Of Montana
Great Falls

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 07-139-GF-BMM-JTJ |
| Plaintiff, | **AMENDED FINDINGS AND RECOMMENDATIONS** |
| vs. | |
| SETH AMOS NELSON, | |
| Defendant. | |

## I. Synopsis

Defendant Seth Amos Nelson (Nelson) has been accused of violating the conditions of his supervised release. Nelson admitted alleged violations 1 and 4. The government proved alleged violations 3, 5, 6, 7 and 8. The government failed to satisfy its burden of proof with respect to alleged violations 2 and 9. Nelson's supervised release should be revoked. Nelson should be placed in custody for 6 months, with 42 months of supervised release to follow. This term of supervised release should consist of 42 months on Count 1, and 30 months on Count 4, with the terms of supervised release to run concurrent. Nelson should serve the first 6 months of supervised release under home confinement. While on supervised release, Nelson should be required to participate in up to 365 urinalysis tests, 365

breath tests, and 52 sweat patch tests annually.

## II. Status

Nelson pleaded guilty on February 12, 2008, to Conspiracy to Manufacture Methamphetamine, and being a Felon in Possession of a Firearm. (Doc. 34). The Court sentenced Nelson to 188 months of custody, followed by 6 years of supervised release. (Doc. 66). Nelson's current term of supervised release began on April 3, 2020. (Doc. 149 at 2).

**Petition**

The United States Probation Office filed an Amended Petition on June 29, 2020, requesting that the Court revoke Nelson's supervised release. (Doc. 149). The Amended Petition alleged that Nelson had violated the conditions of his supervised release: 1) by using methamphetamine; 2) by using amphetamine; 3) by failing to report for substance abuse testing; 4) by failing to take the mental health medication prescribed by his treating physician; 5) by failing to report for mental health treatment; 6) by failing to report to his probation officer as directed; 7) by failing to report for substance abuse treatment; 8) by possessing methamphetamine; and 9) by committing another crime.

**Initial appearance**

Nelson appeared before the undersigned for his initial appearance on the

2

Amended Petition on June 29, 2020. Nelson was represented by counsel. Nelson stated that he had read the petition and that he understood the allegations. Nelson waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on the Amended Petition on June 29, 2020. Nelson admitted alleged violations 1 and 4. The government proved alleged violations 3, 5, 6, 7 and 8. The government failed to satisfy its burden of proof with respect to alleged violations 2 and 9. The violations that Nelson admitted, and the violations that the government proved, are serious and warrant revocation of Nelson's supervised release.

Nelson's violations are Grade C violations. Nelson's criminal history category is IV. Nelson's underlying offenses are Class B and Class C felonies. Nelson could be incarcerated for up to 36 months. Nelson could be ordered to remain on supervised release for up to 48 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 6 to 12 months.

### III. Analysis

Nelson's supervised release should be revoked. Nelson should be

3

incarcerated for 6 months, with 42 months of supervised release to follow. This term of supervised release should consist of 42 months on Count 1, and 30 months on Count 4, with the terms of supervised release to run concurrent. Nelson should serve the first 6 months of supervised release under home confinement. While on supervised release, Nelson should be required to participate in up to 365 urinalysis tests, 365 breath tests, and 52 sweat patch tests annually. This sentence is sufficient but not greater than necessary.

## IV. Conclusion

The Court informed Nelson that the above sentence would be recommended to United States District Judge Brian Morris. The Court also informed Nelson of his right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Nelson that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The Court **FINDS:**

> That Seth Amos Nelson violated the conditions of his supervised release: by using methamphetamine; by failing to report for substance abuse testing; by failing to take the mental health medication prescribed by his treating physician; by failing to report for mental health treatment; by failing to report to his probation officer as directed; by failing to report for substance abuse treatment; and by possessing methamphetamine.

4

The Court **RECOMMENDS:**

That the District Court revoke Nelson's supervised release and commit Nelson to the custody of the United States Bureau of Prisons for 6 months, with 42 months of supervised release to follow. This term of supervised release should consist of 42 months on Count 1, and 30 months on Count 4, with the terms of supervised release to run concurrent. Nelson should serve the first 6 months of supervised release under home confinement. While on supervised release, Nelson should be required to participate in up to 365 urinalysis tests, 365 breath tests, and 52 sweat patch tests annually.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a district court judge.

DATED this 1st day of July, 2020.

John Johnston
United States Magistrate Judge

5