IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>SETH AMOS NELSON,<br><br>Defendant. | CR 07-139-GF-BMM-JTJ<br><br>**FINDINGS AND RECOMMENDATIONS** |

## I. Synopsis

Defendant Seth Amos Nelson (Nelson) has been accused of violating the conditions of his supervised release. Nelson denied alleged violations 1, 2 and 3. Nelson admitted alleged violation 4. The government failed to satisfy its burden of proof with respect to alleged violations 1, 2 and 3. Nelson's supervised release should be revoked. Nelson should be placed in custody for 12 months and 1 day, with no supervised release to follow.

## II. Status

Nelson pleaded guilty on February 12, 2008, to Conspiracy to Manufacture Methamphetamine, and being a Felon in Possession of a Firearm. (Doc. 34). The Court sentenced Nelson to 188 months of custody, followed by 6 years of

supervised release. (Doc. 66). Nelson's current term of supervised release began on December 23, 2020. (Doc. 159 at 2).

## Petition

The United States Probation Office filed a Petition on September 14, 2021, requesting that the Court revoke Nelson's supervised release. (Doc. 159). The Petition alleged that Nelson had violated the conditions of his supervised release by using methamphetamine on four separate occasions.

## Initial appearance

Nelson appeared before the undersigned for his initial appearance on September 28, 2021. Nelson was represented by counsel. Nelson stated that he had read the petition and that he understood the allegations. Nelson waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

## Revocation hearing

The Court conducted a revocation hearing on September 28, 2021. Nelson denied alleged violations 1, 2 and 3. Nelson admitted alleged violation 4. The government failed to satisfy its burden of proof with respect to alleged violations 1, 2 and 3. The violation that Nelson admitted is serious and warrants revocation of his supervised release.

Nelson's violation is a Grade C violation. Nelson's criminal history category is IV. Nelson's underlying offenses are Class B and Class C felonies. Nelson could be incarcerated for up to 36 months. Nelson could be ordered to remain on supervised release for up to life. The United States Sentencing Guidelines call for a term of custody of 6 to 12 months.

### III. Analysis

Nelson's supervised release should be revoked. Nelson should be incarcerated for 12 months and 1 day, with no supervised release to follow. This sentence is sufficient but not greater than necessary.

### IV. Conclusion

The Court informed Nelson that the above sentence would be recommended to United States District Judge Brian Morris. The Court also informed Nelson of his right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Nelson that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The Court **FINDS:**

> That Seth Amos Nelson violated the conditions of his supervised release by using methamphetamine.

3

The Court **RECOMMENDS:**

That the District Court revoke Nelson's supervised release and commit Nelson to the custody of the United States Bureau of Prisons for 12 months and 1 day, with no supervised release to follow.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a district court judge.

DATED this 29th day of September, 2021.

John Johnston
United States Magistrate Judge

4